J.D. CONSTRUCTION, INC., A NEVADA CORPORATION; JERRY
DAUGHERTY, AN INDIVIDUAL; AND CARRIE DAUGHERTY,
AN INDIVIDUAL, APPELLANTS, v. IBEX INTERNATIONAL
GROUP, LLC, A NEVADA LIMITED LIABILITY COMPANY,
RESPONDENT.

No. 52543

J.D. CONSTRUCTION, INC., A NEVADA CORPORATION; JERRY
DAUGHERTY, AN INDIVIDUAL; AND CARRIE DAUGHERTY,
AN INDIVIDUAL, APPELLANTS, v. IBEX INTERNATIONAL
GROUP, LLC, A NEVADA LIMITED LIABILITY COMPANY,
RESPONDENT.

No. 52961

October 7, 2010 240 P.3d 1033

*Pisanelli Bice, PLLC*, and *Todd L. Bice*, Las Vegas; *Brennan
General Counsel Group, PLLC*, and *Shauna Brennan*, Las Vegas,
for Appellants.

*Glen J. Lerner & Associates* and *Adam D. Smith* and *Corey M.
Eschweiler*, Las Vegas, for Respondent.

Before HARDESTY, DOUGLAS and PICKERING, JJ.

## OPINION

By the Court, DOUGLAS, J.:

Appellants J.D. Construction, Inc., Jerry Daugherty, and Carrie Daugherty (collectively, J.D. Construction) placed a mechanic's lien on property owned by respondent IBEX International Group, LLC. IBEX sought to expunge the lien, pursuant to NRS 108.2275, arguing that it was frivolous and/or excessive. The district court concluded that the lien was excessive and expunged the lien.

In this opinion, we address the proper scope and nature of NRS 108.2275 proceedings where a property owner seeks to expunge a frivolous or excessive lien. We conclude that when a property owner seeks to remove a lien by arguing it is frivolous or excessive, the district court must determine the material facts in order to reach a conclusion regarding whether a lien is frivolous or excessive.

We conclude that in making these factual determinations, the district court is not required to hold a full evidentiary hearing, but instead may base its decision on affidavits and documentary evidence submitted by the parties.

We also conclude that this procedure meets due process requirements. However, pursuant to the time frame mandated by NRS 108.2275(3), if the district court determines that a hearing is necessary, the hearing must be held within 15 to 30 days of the court's order for a hearing. And while any hearing must be initiated within that time frame, the statute does not require the district court to resolve the matter within that time frame.

Finally, we conclude that, in evaluating whether a lien is excessive, the district court must use a preponderance-of-the-evidence standard, rather than the reasonable-cause standard used for frivolous liens, and the burden is on the lien claimant to prove the lien and the amount claimed.

In this case, J.D. Construction had the burden to show the adequacy of its lien, and it failed to do so. Accordingly, we affirm the order of the district court because it reached the right result even though for the wrong reason.[1]

---

[1]J.D. Construction also argues that the district court abused its discretion in awarding attorney fees to IBEX. We conclude that the district court did not

## FACTS AND PROCEDURAL HISTORY

The underlying dispute arises from a contract between IBEX and J.D. Construction for J.D. Construction to build a medical facility for $5,000,000. The contract stated that J.D. Construction was to be paid in installments based upon the percentage completed and required that any changes to the contract amount be priced as a change order. The parties agree that the contract amount was later increased to at least $5,438,761.88. However, they submitted conflicting affidavits in district court regarding whether there were any additional amendments to the contract.

J.D. Construction stopped working on the project on January 25, 2008.[2] A few days prior to that, on January 21, 2008, Valley Construction Services, Inc. (VCS), the company designated by the parties to determine the percentage of the project that was complete, sent its inspector, Gary Parrish, to calculate the percentage of completion. At that time, VCS adjusted its calculation of the percentage completed to 23.09 percent from the 39.55 percent it had previously calculated. In his deposition, Parrish stated that the percentage completed dropped because prior to the January inspection he conducted his inspections based on a budget document that indicated a three-story structure. When he received the plans and realized that the project was actually a four-story structure, he had to adjust his estimates of completion accordingly. The parties dispute the percentage of work completed when J.D. Construction stopped work.

J.D. Construction recorded a notice of lien on the property in the amount of $1,450,497.90.[3] IBEX filed a complaint, alleging breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, intentional misrepresentation/fraud, and negligent misrepresentation, and requested a court order quieting title to the property and expunging the lien.

IBEX then filed a motion to expunge or reduce J.D. Construction's allegedly frivolous and/or excessive lien pursuant to NRS 108.2275. IBEX alleged that the amount of the contract between IBEX and J.D. Construction was $5,438,761.88 and that because the project was only 23.09 percent complete, J.D. Construction

---

abuse its discretion in awarding attorney fees to IBEX. *Brunzell v. Golden Gate Nat'l Bank*, 85 Nev. 345, 349, 455 P.2d 31, 33 (1969).

[2]J.D. Construction stopped work because it claimed IBEX had failed to pay as agreed under the contract.

[3]The lien noted the original contract amount ($5,000,000), the total increase on the base contract amount ($1,700,041), the total amount of complete additional work above the base contract amount ($271,864), the total amount of all payments received ($1,709,573.95), and the amount of the lien after deducting just credits and offsets ($1,450,497.90).

was actually overpaid[4] and the lien was excessive and/or frivolous. J.D. Construction responded with affidavits and documents supporting the amount of its lien.[5]

At the July 2008 hearing on the motion to expunge, the district court, after oral arguments, ordered the parties to conduct discovery on the issue of percentage of completion. The district court ordered the parties to depose IBEX's representative at the project and the person at VCS most knowledgeable regarding the percentage completed. J.D. Construction was only able to depose VCS's field inspector, Parrish, regarding the percentage completed.[6] J.D. Construction submitted a supplemental brief, which included an expert report estimating the project was 52 to 55 percent complete as of January 21, 2008.

At the continued hearing in September 2008, the district court granted the motion to expunge the lien, finding "the lien is not frivolous, but is excessive."[7] The district court found the amount of the contract was $5,438,751, and stated: "Valley Construction Services, Inc. has provided the most credible estimate of percentage completion, and based upon Valley Construction Services, Inc.'s calculation the Project was 23.09% complete upon J.D. Construction, Inc.'s departure from the Project." J.D. Construction now appeals.

## DISCUSSION

In this appeal, we determine the proper scope and nature of NRS 108.2275 proceedings where a property owner seeks to expunge a frivolous or excessive lien.

We first address the proper scope of an NRS 108.2275 hearing. Because the determination of whether a lien is frivolous or excessive requires a determination of the material facts of the case, we conclude that factual determinations are appropriate in an NRS 108.2275 hearing.

---

[4]IBEX claimed that J.D. Construction had already been paid $1,709,573.95, which was $453,764.04 in excess of the work actually completed on the project at the time. IBEX also paid $363,000 directly to a subcontractor, Pacific Coast Steel, on May 1, 2008, to remove Pacific Coast Steel's lien.

[5]J.D. Construction never accounted for its payments to subcontractors or whether it still owed subcontractors money, or if they were included in the lien claim.

[6]Parrish did all the field inspections for VCS as to work completed; however, he submitted his reports to VCS, which calculated the percentage completed in-house.

[7]The district court held oral argument on the motion but did not hear live testimony. The parties were permitted to argue regarding the motion but did not present evidence beyond the submitted moving papers, affidavits, and depositions.

Second, we conclude that an evidentiary hearing is not required in order for the district court to make factual determinations and this procedure satisfies due process because NRS 108.2275(6) allows both parties a sufficient opportunity to present their case.

In reaching this conclusion, we consider the nature and timing of an NRS 108.2275 hearing. We recognize that the use of "if" in the statute implies that a hearing will not always be necessary and note that a hearing is not necessarily required for the district court to make a ruling on a motion to expunge a frivolous or excessive lien. Instead, a hearing is necessary only if there is a possibility that the lien will be expunged; the district court can *deny* a motion based on the supporting documents alone but must have a hearing if there is an issue of fact that needs to be addressed.

Further, we note that if the district court issues an order for a hearing, it must strictly follow the timeline for scheduling a hearing set forth in NRS 108.2275. That notwithstanding, we conclude that the statute does not require the matter be resolved within that time frame.

Third, we address the standard of proof for evaluating whether a lien is excessive and for determining the sufficiency of the evidence in cases involving motions to expunge mechanics' liens. We determine that the standard for evaluating whether a lien is excessive, pursuant to NRS 108.2275, requires the lienholder to prove its validity by a preponderance of the evidence; the district court properly applied this standard.

### Scope of an NRS 108.2275 hearing

NRS 108.2275(1) permits a party in interest in a property subject to a lien to move to dismiss the lien if it is frivolous or excessive. NRS 108.2275(2)(b) specifically requires that the party seeking to expunge a lien must submit affidavits and documentary evidence in support of its motion. The statute provides that if the court orders a hearing, the applicant must serve notice of the application and order of the court on the lien claimant within three days of the court's order. NRS 108.2275(3). Any hearing must be held within 15 to 30 days of the court's order for a hearing. *Id.* After a hearing, the district court shall make one of three determinations: (1) that the notice of lien is frivolous and made without reasonable cause, (2) that the lien amount is excessive, or (3) that the notice of lien is not frivolous or excessive and made with reasonable cause. NRS 108.2275(6)(a)-(c); *Crestline Inv. Group v. Lewis*, 119 Nev. 365, 371, 75 P.3d 363, 367 (2003).

### Legislative history

The legislative history of NRS 108.2275 provides further insight with regard to the legislative intent concerning the scope of a

hearing pursuant to that statute. NRS 108.2275 was originally introduced as Senate Bill 434 (S.B. 434). Proponents of S.B. 434 explained that the bill was an attempt "to revamp Nevada Revised Statutes (NRS) chapter 108 in order to bring certainty into the statute and to avoid the need for litigation in every instance where liens are placed against property." Hearing on S.B. 434 Before the Senate Comm. on Judiciary, 68th Leg. (Nev., May 23, 1995). Charles Cook, legal staff for the Nevada Land Title Association, explained that "S.B. 434 addresses changes to the mechanic's lien statutes only to bring Nevada in line with sister states in terms of competitiveness and in continuity of economic investments." Hearing on S.B. 434 Before the Assembly Comm. on Judiciary, 68th Leg. (Nev., June 26, 1995).

The minutes of these committee hearings state that in enacting NRS 108.2275, the Legislature contemplated the gathering of witnesses and evidence and increased the number of days before the district court must conduct a hearing to allow a defendant sufficient time to respond. During one of the hearings, a citizen voiced concern that the section regarding the hearing on frivolous liens removed a "defendant's due process rights, because it does not allow sufficient time to answer or gather witnesses or evidence." Hearing on S.B. 434 Before the Senate Comm. on Judiciary, 68th Leg. (Nev., May 25, 1995). Senator Adler agreed and the committee discussed how the speedy hearing requirement would be affected by the reality of the court calendar. *Id.* The committee agreed to extend the time frame for the hearing from between 6 and 15 days to between 10 and 20 days. *Id.*

The minutes also note that "[l]ooking to the level of proof required to show the claim is frivolous, Senator Adler pointed out the burden is such that the plaintiff must show there is absolutely no basis for a claim. If there is any showing of good faith, the court will not dismiss the lien." *Id.* In formulating the proposed changes to Nevada's mechanic's lien law, "proponents looked at statutes from other states in the region," specifically "Arizona, California, Oregon, and Washington." Hearing on S.B. 434 Before the Senate Comm. on Judiciary, 68th Leg. (Nev., May 23, 1995).

*Competing views regarding the scope of a mechanic's lien hearing*

There are two different views regarding the scope of a hearing to expunge a mechanic's lien. California allows determination of the material facts of the case at a summary proceeding and does not require an evidentiary hearing. *See Jasper Constr., Inc. v. University Casework Systems, Inc.*, 114 Cal. Rptr. 143, 144 (Ct. App. 1974). The California Supreme Court determined that due process is satisfied by a speedy hearing on the probable validity of the lien.

*Connolly Dev., Inc. v. Superior Court*, 553 P.2d 637, 641 (Cal. 1976).

In contrast, Washington state courts have interpreted their statute to limit determinations of factual disputes in a hearing to expunge a frivolous or excessive lien. Washington courts have concluded that its statute allows for resolutions of factual disputes but such resolution is "confined to the limited group of cases where the lien claim is clearly meritless." *S.D. Deacon Corp. v. Gaston*, 206 P.3d 689, 691 (Wash. Ct. App. 2009). Washington's summary proceeding is similar to a trial by affidavit but is not a substitute for a trial on the merits. *W.R.P. Lake Union v. Exterior Services*, 934 P.2d 722 (Wash. Ct. App. 1997). It is unclear what the exact limits of Washington's summary proceeding are for factual disputes.[8]

J.D. Construction argues that the district court exceeded its statutory authority by resolving highly disputed factual issues that should have been resolved at trial. J.D. Construction asserts that an NRS 108.2275 hearing is an improper vehicle to resolve disputed material issues of fact concerning the amount of work performed or the payment due or owing. Rather, J.D. Construction argues that a hearing held pursuant to NRS 108.2275 should be limited to the determination of facts that can be determined by affidavit.

J.D. Construction urges this court to adopt the approach taken by Washington because Washington's statute for removal of frivolous or excessive mechanics' liens, Washington Revised Code section 60.04.081 (West 2009), is comparable to NRS 108.2275. Washington has interpreted its statute to limit a district court's ability to make factual determinations in a hearing on a motion to expunge, and J.D. Construction argues that NRS 108.2275 should be interpreted in the same manner.

IBEX instead argues that Nevada has not adopted Washington caselaw, and urges this court to adopt California's approach, which allows factual determinations to be made at summary proceedings.[9]

---

[8]Arizona and Oregon do not use a similar hearing to quickly challenge excessive or frivolous liens.

[9]The summary proceedings for stop notices is codified in California and provides:

> If the original contractor asserts . . . that the amount of the claim as specified in the stop notice is excessive, or . . . there is no basis in law for the claim . . . he may have the question determined in a summary proceedings in accordance with the provisions of Sections 3198 to 3205, inclusive.

Cal. Civ. Code § 3197 (West 1993). Either the original contractor or claimant may file an action entitling them to a hearing within 15 days for the purpose of determining each party's rights. Cal. Civ. Code § 3201 (West 1993). The

IBEX argues that the summary procedure in NRS 108.2275 provides a speedy hearing on the probable validity of the lien, just like California. IBEX argues that if the district court is to determine whether the lien was excessive, it must make findings of fact based on the affidavits, documents, and depositions submitted to the district court. We agree with IBEX and conclude that the plain language of NRS 108.2275 requires the district court to consider the material facts of the case in order to make a determination regarding whether the lien is excessive or frivolous.

"Lien claims are statutory" and a dispute over the interpretation of a lien statute is one of statutory construction. *Crestline*, 119 Nev. at 368, 75 P.3d at 365. As statutory construction is a question of law, it is subject to de novo review. *California Commercial v. Amedeo Vegas I*, 119 Nev. 143, 145, 67 P.3d 328, 330 (2003). When this court engages in a de novo review of an issue of statutory construction, "[t]he 'court first looks to the plain language of the statute.'" *Crestline*, 119 Nev. at 368, 75 P.3d at 365 (quoting *A.F. Constr. Co. v. Virgin River Casino*, 118 Nev. 699, 703, 56 P.3d 887, 890 (2002)). "Where the language of a statute is plain and unambiguous and its meaning clear and unmistakable, there is no room for construction, and the courts are not permitted to search for its meaning beyond the statute itself." *Madera v. SIIS*, 114 Nev. 253, 257, 956 P.2d 117, 120 (1998) (internal quotations omitted). A statute's language is ambiguous when it is capable of more than one reasonable interpretation. *Leven v. Frey*, 123 Nev. 399, 404, 168 P.3d 712, 716 (2007).

We conclude that NRS 108.2275 is unambiguous. The plain language of NRS 108.2275 allows a property owner to challenge a lien as frivolous or excessive and requires the district court to make a finding of whether the lien is frivolous, excessive, or neither. In order for the district court to make a finding that the lien is excessive or frivolous, the district court must consider the material facts of the case. We are unpersuaded that this language can be read any other way. The plain language of the statute requires the district court to determine the material facts in order to make a ruling as to whether the lien is frivolous or excessive.

---

original contractor, who is challenging the stop notice, has the burden of proof at this proceeding. Cal. Civ. Code § 3202 (West 1993). Importantly,

> [n]o findings shall be required in a summary proceeding under this article. When the hearing is before the court sitting without a jury and no evidence other than the affidavit and counteraffidavit is offered, if the court is satisfied that sufficient facts are shown thereby, it may make its determination thereon; otherwise, it shall order the hearing continued for the production of other evidence, oral or documentary, or the filing of other affidavits and counteraffidavits.

Cal. Civ. Code § 3203 (West 1993).

*Nature and timing of an NRS 108.2275 hearing*

In deciding the motion to expunge the lien, the district court held two hearings, ordered two depositions, and received affidavits. Neither party requested a full evidentiary hearing. J.D. Construction now argues that it was a violation of due process for the district court to rule on an NRS 108.2275 motion based solely upon affidavits and that the district court needed to hold an evidentiary hearing and observe live testimony. IBEX argues a mechanic's lien does not create a property right, but is instead a taking without due process that is only permissible because of the expedited hearing available pursuant to NRS 108.2275. IBEX also argues that J.D. Construction was afforded due process; there were two hearings with the opportunity for both sides to present their case through motions and affidavits, as well as the opportunity to conduct discovery in between the two hearings. We agree.

NRS 108.2275(2) requires a party to set forth its legal and factual grounds for its motion to expunge, supported by an affidavit and documentary evidence. NRCP 43(c) provides that "[w]hen a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions." Moreover, NRCP 78 provides that "[t]o expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition." We conclude that NRS 108.2275 and the NRCP do not require an evidentiary hearing; instead, as discussed further below, a decision based on affidavits and deposition testimony can satisfy due process.

### *Due process considerations*

A mechanic's lien is a "taking" in that the property owner is deprived of a significant property interest, which entitles the property owner to federal and state due process. *Connolly Develop., Inc. v. Sp. Ct. of Merced Cty.*, 553 P.2d 637, 644 (Cal. 1976). Due process is satisfied by giving both parties "a meaningful opportunity to present their case." *Mathews v. Eldridge*, 424 U.S. 319, 349 (1976). In determining whether a procedure meets the due process requirements of notice and an opportunity to be heard, as set forth in *Mathews*, we note that "due process is flexible and calls for such procedural protections as the particular situation demands." *Burleigh v. State Bar of Nevada*, 98 Nev. 140, 145, 643 P.2d 1201, 1204 (1982) (internal quotations omitted). In reaching a determination regarding due process, the court considers,

[f]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335.

The California Supreme Court determined that due process is satisfied by a speedy hearing on the probable validity of the lien and that "the safeguards provided by California law to protect property owners against unjustified liens are sufficient to comply with due process requirements." *Connolly*, 553 P.2d at 654. In so doing, the court opined that while "the taking of property occasioned by a stop notice or mechanics' lien is not de minimis, it is nonetheless of relatively minor effect." *Connolly*, 553 P.2d at 652. "The mechanics' lien . . . does not deprive the owner of the interim possession or use of the liened property . . . ." *Id.* However, "the laborer and materialman have an interest in the specific property subject to the lien since their work and materials have enhanced the value of that property." *Connolly*, 553 P.2d at 653.

We are persuaded by the California Supreme Court's reasoning. Nevada has previously agreed with this reasoning and held that "[t]he object of the lien statutes is to secure payment to those who perform labor or furnish material to improve the property of the owner." *Schofield v. Copeland Lumber*, 101 Nev. 83, 85, 692 P.2d 519, 520 (1985). In considering the procedure to expunge a lien, both the property owner and the lien claimant's rights must be addressed.

While a mechanic's lien is a "taking," the protections provided by NRS 108.2275 are sufficient to comply with due process requirements. The district court does not violate due process when it decides factual issues on the basis of affidavits and supporting documents. As the United States Supreme Court recognized in *Mathews*, due process is not a fixed concept susceptible to rigid definition. 424 U.S. at 334. Instead, " '[d]ue process is flexible and calls for such procedural protections as the particular situation demands.' " *Id.* (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)). Due process is satisfied where interested parties are given an "opportunity to be heard at a meaningful time and in a meaningful manner." *Id.* at 333 (internal quotation omitted).

Applying the factors enumerated in *Mathews*, we recognize that the owner has a significant interest in having his or her property be free of encumbrances. We also recognize that the state has a significant interest in securing payments for those who improve the owner's property. *Schofield*, 101 Nev. at 85, 692 P.2d at 520. The lien claimant also has an equally strong interest in ensuring that there are adequate assets available to collect from if it obtains a favorable result. However, there is little risk of erroneous deprivation. NRS 108.2275(7) expressly provides that a determination as to the validity of the mechanic's lien does not affect the other rights and remedies available to the parties. Therefore, we conclude that a determination on expunging a mechanic's lien does not provide any law-of-the-case or preclusion effect.

While there are strong competing public and private interests, an evidentiary hearing is not mandatory in these situations because of the low risk of an erroneous deprivation. Furthermore, the probative value of additional procedures will be very limited this early in the litigation. Under the procedure described here, both the property owner and the lien claimant are provided a meaningful opportunity to present their case and their right to due process is satisfied.

In this situation, due process was satisfied, as both parties were afforded sufficient opportunity to present their case through affidavits and supporting documents.[10] J.D. Construction was not denied due process in the proceedings on the motion to expunge its lien.

 █

We also note that in arguing that the district court should not consider the material facts of the case, J.D. Construction argued that the time frame mandated by the statute would not allow for a full consideration of the facts necessary to make a ruling. However, to satisfy the mandates of due process and the requirements of NRS 108.2275, any hearing held by the district court must be held within 15 to 30 days of the court's order for a hearing. While any hearing must be initiated within that time frame, the statute does not require the district court to resolve the matter within that time frame. This conclusion comports with the interests of justice as the district court should be permitted the latitude to decide to order additional depositions or another hearing with live testimony. While the district court does not have to resolve the matter within the time frame, we note that the matter should be addressed expeditiously.

---

[10]In this case, the district court also granted J.D. Construction's request to conduct depositions. However, J.D. Construction did not request live testimony as to any material issue of fact, and we do not consider any abuse of discretion at this time as to any issue not raised before the district court.

*Standard of proof and sufficiency of evidence*

In finding J.D. Construction's lien excessive and expunging it pursuant to NRS 108.2275, the district court applied a preponderance-of-the-evidence standard. J.D. Construction asserts that NRS 108.2275 only requires it to show a good faith basis for its lien amount and therefore the district court applied the wrong standard of proof in making its factual determinations. IBEX contends that because NRS 108.2275 requires a determination of the amount of a lien to determine if it is excessive or frivolous, the district court properly followed the enumerated procedures, and that J.D. Construction's lien was properly expunged.

Determination of the correct standard of proof to be used by a tribunal is a legal question, subject to de novo review. *Matter of Halverson*, 123 Nev. 493, 509, 169 P.3d 1161, 1172 (2007). If the statutory language does not address the issue, then this court looks to reason and public policy to determine the Legislature's intent. *Crestline*, 119 Nev. at 368, 75 P.3d at 365.

NRS 108.2275(6) provides for the summary discharge of a mechanic's lien:

> If, after a hearing on the matter, the court determines that:
> (a) The notice of lien is *frivolous and was made without reasonable cause*, the court shall make an order releasing the lien and awarding costs and reasonable attorney's fees to the applicant for bringing the motion.
> (b) The amount of the notice of lien is excessive, the court may make an order reducing the notice of lien to an amount deemed appropriate by the court and awarding costs and reasonable attorney's fees to the applicant for bringing the motion.
> (c) The notice of lien is *not frivolous and was made with reasonable cause* or that the amount of the notice of lien is not excessive, the court shall make an order awarding costs and reasonable attorney's fees to the lien claimant for defending the motion.

(Emphases added.)

The statute does not clearly state what standard of proof the district court should use in determining whether the lien is excessive. The plain language of NRS 108.2275(6) is clear that if the district court determines that a mechanic's lien was made "without reasonable cause," then the lien is frivolous and the district court may expunge the lien. However, the "without reasonable cause" language does not appear in the paragraph relating to whether the lien is excessive. Therefore, the statute "is capable of more than one

reasonable interpretation'' and is ambiguous. *Leven v. Frey*, 123 Nev. 399, 404, 168 P.3d 712, 716 (2007). As a result, we must look beyond the plain language of the statute to determine what standard of proof the district court should use to determine if a lien is excessive. *Id.*

Here, the legislative history does not provide any assistance, as it refers only to determinations of whether a lien is frivolous— there is no mention of what level of proof is required to show that the lien is excessive. The legislative history of S.B. 434 states: ''Looking to the *level of proof required to show the claim is frivolous*, Senator Adler pointed out the burden is such that the *plaintiff must show there is absolutely no basis for a claim*. If there is any showing of good faith, the court will not dismiss the lien.'' Hearing on S.B. 434 Before the Senate Comm. on Judiciary, 68th Leg. (Nev., May 25, 1995) (emphases added). Because the legislative history is not helpful, this court must look to reason and public policy to determine what the Legislature intended the evidentiary standard to be for the district court to determine whether a lien is excessive.

We conclude that the district court must apply a preponderance-of-the-evidence standard to determine whether a lien is excessive. We conclude that this standard comports with reason and public policy because the preponderance-of-the-evidence standard is the general civil standard. *Irving v. Irving*, 122 Nev. 494, 497, 134 P.3d 718, 720 (2006). '' '[P]reponderance of the evidence' merely refers to '[t]he greater weight of the evidence.' '' *McClanahan v. Raley's, Inc.*, 117 Nev. 921, 925-26, 34 P.3d 573, 576 (2001) (quoting *Black's Law Dictionary* 1201 (7th ed. 1999)). If parties present conflicting evidence during an NRS 108.2275 hearing, the district court should determine which evidence has greater weight and, accordingly, whether the lien is excessive. Thus, the district court applied the correct standard in evaluating the evidence presented in this case.

■■■ ■

J.D. Construction further argues that the district court erred in concluding the mechanic's lien was excessive because the district court's decision was not based on admissible, reliable, or substantial evidence. We disagree.

■■■ ■

This court will not disturb the district court's factual determinations if substantial evidence supports those determinations. *Radaker v. Scott*, 109 Nev. 653, 657, 855 P.2d 1037, 1040 (1993). ''Substantial evidence is that [evidence] which '' 'a reasonable mind might accept as adequate to support a conclusion.' '' '' *Id.* (quoting *State Emp. Security v. Hilton Hotels*, 102 Nev. 606, 608, 729 P.2d 497, 498 (1986) (quoting *Richardson v. Perales*, 402

U.S. 389, 410 (1971))). Therefore, this court will only set aside findings that are clearly erroneous. *Id.*

While we do not agree completely with the district court's reasoning regarding who was the most credible witness in this case, we affirm its decision because we conclude that it nonetheless reached the correct result. *Sengel v. IGT*, 116 Nev. 565, 570, 2 P.3d 258, 261 (2000) (affirming where the district court reached the right result for the wrong reason). J.D. Construction had the burden to show the adequacy of its lien, but it failed to do so. J.D. Construction failed to address the subcontractors' claims and whether its lien included money for the subcontractors. Further, despite being given the opportunity to depose the person with the most knowledge regarding the completion of the project, J.D. Construction failed to present substantial evidence regarding the percentage completed and the total amount of the contract in light of affidavits and evidence submitted by IBEX. Therefore, J.D. Construction's claims must fail.

We conclude that the district court did not err in expunging the lien because it applied the correct standard of proof and substantial evidence supported its decision. Accordingly, we affirm the order of the district court.

HARDESTY and PICKERING, JJ., concur.