An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MATA HARDSCAPE DESIGNS, LLC, A NEVADA LIMITED LIABILITY COMPANY D/B/A THE PAVER GUY, Appellants,

vs.

GEORGETOWN WEST TOWNHOUSE OWNERS ASSOCIATION, A NON-PROFIT COOPERATIVE CORPORATION, Respondent.

No. 62212

**FILED**

MAY 0 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING*

This is an appeal from a district court order releasing a mechanic's lien. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

This appeal arises from a district court order expunging appellant-lien claimant Mata Hardscape Designs, LLC's mechanic's lien. Mata entered into a contract with Georgetown West Townhouse Owners Association (Georgetown) for a total payment of $230,000. Mata performed sidewalk and curb work at the Georgetown West residential community (the project). Under the terms of the contract, Georgetown agreed to pay Mata in four installments of $57,500, and the contract stated that "[a]ll additional work or services (change orders) *shall be agreed to in writing*, signed by both Owner and Contractor." (Emphasis added.)

14 - 14040

Based on alleged increased costs associated with work delays, Mata tendered a 15-day notice of intent to lien to Georgetown, indicating an outstanding balance of $20,197.02.[1] Georgetown has never disputed that it owed the $16,197.02 balance due under the contract. Mata recorded a notice of intent to lien, again in the amount of $20,197.02, naming Georgetown as the owner of the property. Subsequently, Mata recorded a notice of lien in the amount of $20,197.02; however, this notice of lien named 150 individual homeowners as the owners of the property. Mata recorded an amended notice of lien and a second amended notice of lien in the amount of $93,724.64, indicating that each homeowner was responsible for $624.83 of this amount.

In response to the second amended notice of lien, Georgetown filed a complaint in district court, along with a motion for an order to show cause why a reduction or a release of the mechanic's lien should not issue. Georgetown argued that NRS 108.245 required Mata to provide a notice of right to lien to the individual homeowners upon entering into the contract. Alternatively, Georgetown cited NRS 108.2275 and argued that even if the lien was procedurally valid, it was excessive due to Mata's inclusion of the $77,527.62 that was not supported, authorized, and approved by a properly executed change order.

In opposition, Mata argued both the merits of its lien and that Georgetown invoked NRS 108.2275 incorrectly. Specifically, Mata argued that (1) Georgetown should not have obtained a hearing date for its motion, but rather should have first sought an order to show cause via an

---

[1] It appears that this dollar amount was derived from the contractual amount owed, plus $4,000 for root damage repairs.

ex parte motion; (2) Mata was not required to serve a notice of right to lien to the individual homeowners because it "*contracted directly* with the owner of the property" since each homeowner is a member of Georgetown and Georgetown acts on behalf of the individual owners; and (3) its lien was not excessive, as evidenced by payroll records and rental cost documents that were attached to the opposition.

After a hearing, the district court granted Georgetown's motion, expunging the lien. The district court found that the common area was owned by the individual homeowners, and that Georgetown had not executed any change orders for the additional $77,527.62 claimed by Mata. As a result, it ruled that the lien was invalid because NRS 108.245 required Mata to provide the individual homeowners—the owners of the common area—with a notice of right to lien, and the lien was excessive as the contract provided for a specific amount. Mata now appeals.

*The district court did not violate NRS 108.2275 or Mata's due process rights by ruling on the validity of the mechanic's lien at the initial hearing*

On appeal, Mata argues that the district court erred in expunging its lien at the initial hearing requesting an order to show cause, in violation of NRS 108.2275 and in violation of its due process rights. Mata argues that it only filed a "limited" opposition that "was mainly based on procedural issues . . . not a substantive opposition to the claims against the mechanic's lien itself." Thus, Mata argues that without the show cause hearing, it "was not given the opportunity to present evidence in the form of affidavits or testimony, and was allowed very little legal argument." We do not agree.

The parties disagree regarding how this court's prior decision in *J.D. Construction, Inc. v. IBEX International Group, LLC*, 126 Nev. ___, 240 P.3d 1033 (2010), influences this case. In *J.D. Construction*, this court

concluded that due process does not require a district court "to hold a full evidentiary hearing, but instead [the district court] may base its decision on affidavits and documentary evidence submitted by the parties." 126 Nev. at ___, 240 P.3d at 1036. This court held that a summary proceeding did not violate the lien claimant's due process rights because (1) the risk of an erroneous deprivation was low, and (2) both parties were afforded sufficient opportunity to present their case through affidavits and supporting documents. *Id.* at ___, 240 P.3d at 1041 (analyzing the three due process factors enumerated in *Mathews v. Eldridge,* 424 U.S. 319, 335 (1976)). Thus, while *J.D. Construction* provides some guidance regarding the procedural due process analysis under NRS 108.2275, it merely addresses whether factual disputes must be reserved for trial, not whether a district court may rule on a motion to expunge a lien at the initial hearing.

Based on our review of the record, we conclude that Mata was afforded adequate due process. While Mata did not receive a second hearing and the limited discovery afforded the lien claimant in *J.D. Construction,* "[d]ue process, unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances." *Mathews,* 424 U.S. at 334 (alteration in original) (internal quotations omitted). Rather, it "is flexible and calls for such procedural protections as the particular situation demands." *Id.* (internal quotations omitted).

Here, the primary issues before the district court were issues of law, which did not require extensive discovery to resolve. Additionally, Mata argued the merits of its lien in its opposition to Georgetown's motion and submitted documentary evidence in support of its lien. We are

therefore not persuaded by its argument that it was not given the opportunity to present evidence to the district court. Thus, given the primarily legal issues before the court and the fact that Mata's opposition was filed with documentary evidence attached, we conclude that Mata was given "the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews*, 424 U.S. at 333 (internal quotations omitted). Therefore, the district court did not err in expunging the motion at the initial hearing.

*The district court erred in ruling that the individual owners were entitled to service of a notice of right to lien under NRS 108.245 because Mata contracted with their agent*

Mata argues that it was not required to serve a notice of right to lien on the individual owners because it contracted with them through Georgetown, their agent. *See Hardy Companies, Inc. v. SNMARK, LLC*, 126 Nev. ___, ___, 245 P.3d 1149, 1157 (2010) ("Actual knowledge by the property owner's agent is imputed to the property owner."). Mata argues that Georgetown controlled the project as the agent for the individual owners pursuant to the CC&Rs. Thus, Mata argues that its service of pre-lien notice on the homeowners' agent renders pre-lien notice on the homeowners themselves unnecessary. We agree.

Under NRS 108.245(5), a contractor who contracts directly with an owner is not required to give pre-lien notice. Thus, pre-lien notice is only required when a potential lien claimant contracts with a third party, rather than the owner. *See Hardy*, 126 Nev. at ___, 245 P.3d at 1157; *cf.* NRS 108.245(5). However, this court has concluded that a lien claimant is not required to provide pre-lien notice when the owner has actual knowledge of the potential lien claims via regular progress updates from an agent who inspected the premises. *Hardy*, 126 Nev. at ___, 245

P.3d at 1157. In that situation, this court determined that "[d]elivery of any pre-lien notice would . . . accomplish[ ] little or nothing and, therefore, [is] not required." *Id.* (internal quotations omitted).

Here, the record shows that Georgetown regularly communicated with Mata regarding the progress of the project and payments made. Thus, this situation is similar to *Hardy* in that the owners' agent contracted with the lien claimant and kept abreast of construction progress on behalf of the owners. We therefore conclude that the district court erred in finding that the mechanic's lien was invalid based on a lack of pre-lien notice. *See Hardy*, 126 Nev. at ___, 245 P.3d at 1157 ("An owner who witnesses the construction, either firsthand or through an agent, cannot later claim a lack of knowledge regarding future lien claims."). However, as discussed below, the district court properly found the lien to be excessive.

*The district court did not err in finding that the lien was excessive because the contract provided for the total payment amount and Mata failed to provide change orders or other evidence supporting its unilateral $77,527.62 increase in price*

In analyzing evidence presented regarding the validity of a mechanic's lien, "the district court must apply a preponderance-of-the-evidence standard to determine whether a lien is excessive." *J.D. Constr.*, 126 Nev. at ___, 240 P.3d at 1043. "This court will not disturb the district court's factual determinations if substantial evidence supports those determinations." *Id.* at ___, 240 P.3d at 1043. "Substantial evidence is that [evidence] which a reasonable mind might accept as adequate to support a conclusion." *Id.* at ___, 240 P.3d at 1043 (alteration in original) (internal quotations omitted). "Therefore, this court will only set aside findings that are clearly erroneous." *Id.* at ___, 240 P.3d at 1043.

Georgetown argues that NRS 108.222(1)(a) controls in situations where the parties have entered into a contract stating a specific price or a method of determining a specific price.[2] Georgetown argues that Mata, in instituting its $93,724.64 lien, ignored the statutory cap on the legally lienable amount, which is "the unpaid balance of the price agreed upon" by contract, or the $16,197.02 Georgetown admits it owes. NRS 108.222(1)(a). Thus, Georgetown argues that even if Mata were entitled to a lien against the homeowners' property, the district court correctly ruled that the $77,527.62 was excessive because the allowable lien amount is set by the contract and by statute at the remaining balance of the agreed-upon price: $16,197.02. We agree.

---

[2]NRS 108.222 states:

> 1. Except as otherwise provided in subsection 2, a lien claimant has a lien upon the property, any improvements for which the work, materials and equipment were furnished or to be furnished, and any construction disbursement account established pursuant to NRS 108.2403, for:

> (a) If the parties agreed, by contract or otherwise, upon a specific price or method for determining a specific price for some or all of the work, material and equipment furnished or to be furnished by or through the lien claimant, the unpaid balance of the price agreed upon for such work, material or equipment, as the case may be, whether performed, furnished or to be performed or furnished at the instance of the owner or the owner's agent . . . .

The contract between the parties provided for the amount to be paid, and required any change orders to be agreed to in writing. Mata has not provided any evidence in district court or on appeal indicating it was legally entitled to any amount over $16,197.02. Therefore, we conclude that the district court did not err in finding that Mata's lien was excessive in the amount of $77,527.62.

Accordingly, we ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for further proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Douglas W. Herndon, District Judge
Pezzillo Lloyd
Flangas McMillan Law Group, Inc.
Leo P. Flangas
Eighth District Court Clerk