# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
DAVID M. KORREY, BAR NO. 6385.

No. 70871

**FILED**

JUL 11 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## *ORDER OF SUSPENSION WITH PROBATION*

This is an automatic review, pursuant to SCR 105(3)(b), of a Southern Nevada Disciplinary Board hearing panel's recommendation, on remand, that attorney David M. Korrey be given a three-month suspension for his violation of multiple Rules of Professional Conduct.

Due to Korrey's failure to adequately supervise his nonlawyer assistants, ultimately resulting in the conversion of client and provider funds, violations were upheld against Korrey as to RPC 1.3 (diligence), RPC 1.15(d) (safekeeping property), RPC 5.3(b) (responsibilities regarding non-lawyer assistants), RPC 5.5(a)(2) (unauthorized practice of law), and RPC 8.4(a) (misconduct). *See In re: Discipline of David Korrey*, Docket No. 63973 (Order Rejecting Panel Recommendation and Remanding for Further Proceedings, September 29, 2015). This court then remanded the matter to the Southern Nevada Disciplinary Board "to reassess the discipline in this matter," *id.*, and a new hearing panel determined that because Korrey improperly "gave unfettered access to his office" to his nonlawyer assistant, he should have known about the assistant's ongoing and systemic scheme to divert checks from their intended beneficiaries. The panel noted that the thefts happened several years ago and recommended that a three-month suspension be imposed. *See In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008)

(discussing factors to consider when imposing discipline); Annotated Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.12 (Am. Bar Ass'n 2015) (recommending suspension for lawyers who knew or should have known that they are dealing improperly with client property).

After reviewing the record, we conclude that the panel's additional findings are supported by the evidence and that the recommended three-month suspension generally is commensurate with the conduct at issue. SCR 105(3)(b). Considering the mitigating factors both new and previously found, including Korrey's diligent and successful efforts to protect his clients and their providers from further harm and his asserted modification of office procedures to prevent such thefts from occurring in the future, however, we stay that suspension subject to a term of probation.[1] We thus suspend attorney David Korrey from the practice of law in Nevada for a period of three months, commencing from

---

[1]We have considered Korrey's due process arguments and conclude that his due process rights were not violated by the panel's refusal to consider new evidence and the complete record of the prior proceeding, as the first panel did not credit the perjured testimony and the violations were determined in the prior appeal. *See J.D. Constr., Inc. v. IBEX Int'l Grp.*, 126 Nev. 366, 376, 240 P.3d 1033, 1040 (2010) ("In determining whether a procedure meets the due process requirements of notice and an opportunity to be heard, . . . we note that 'due process is flexible and calls for such procedural protections as the particular situation demands.'" (quoting *Burleigh v. State Bar of Nev.*, 98 Nev. 140, 145, 643 P.2d 1201, 1204 (1982))); *Persing v. Reno Stock Brokerage Co.*, 30 Nev. 342, 96 P. 1054 (1908) ("'Due process of law,' not only requires that a party shall be properly brought into court, but that he shall have the opportunity when in court to establish any fact which, according to the usages of the common law or the provisions of the Constitution, would be a protection to himself or property.").

SUPREME COURT
OF
NEVADA

(O) 1947A

the date of this order, with that suspension stayed in favor of six months of probation. The stay is conditioned on the following probationary terms: Korrey must commit no additional violations of the RPC that result in professional discipline during the probationary period. Additionally, Korrey shall pay the costs of the disciplinary proceeding within 30 days of receipt of the State Bar's memorandum of costs. *See* SCR 120. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____*Cherry*_____, C.J.
         Cherry

_____, J.       _____, J.
Douglas                                 Gibbons

_____, J.       _____, J.
Pickering                                Hardesty

_____, J.       _____, J.
Parraguirre                              Stiglich

cc:    Chair, Southern Nevada Disciplinary Board
       Law Offices of David M. Korrey
       C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
       Kimberly K. Farmer, Executive Director, State Bar of Nevada
       Perry Thompson, Admissions Office, United States Supreme Court