# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF THE KEEHLE AMICON PROPERTY TRUST, A NEVADA TRUST. | No. 70026 |

| | |
|---|---|
| BRENT D. WHITEHEAD, AS CO-TRUSTEE OF THE KEEHLE AMICON PROPERTY TRUST, Appellant, vs. LORI WESTINGHOUSE, AS PARENT AND NATURAL GUARDIAN FOR KEEHLE AMICON, Respondent. | **FILED** MAR 2 1 2018 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY S. Young DEPUTY CLERK |

## ORDER OF REVERSAL

This is an appeal from a district court order resolving a petition concerning the internal affairs of a nontestamentary trust. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

Respondent Lori Westinghouse is the mother of Keehle Amicon, the sole beneficiary of the irrevocable Keehle Amicon Property Trust. The trust designated appellant Brent Whitehead as the co-trustee.

Among its provisions, the trust vested the beneficiary with a present interest, which provided that "[t]he Trustee may pay or apply such parts of the income and principal of the Trust to or for the benefit of the Beneficiary during her lifetime for her Support as the Trustee in its discretion shall determine." The trust also provided the beneficiary the following future remainder interest:

> When the Beneficiary attains age 35, the Trustee shall distribute one-third (1/3) of the principal and undistributed income of the trust estate to the Beneficiary outright and free of trust.

18-10970

When the Beneficiary attains age 40, the Trustee shall distribute one-half (1/2) of the remaining principal and undistributed income to the Beneficiary outright and free of trust. When the Beneficiary attains age 45, the Trustee shall distribute all of the remaining principal and undistributed income of the trust estate to the Beneficiary outright and free of trust and the Trust shall terminate. Notwithstanding the foregoing provisions of this [section], the then serving Trust Consultant shall have the right at any time, and from time to time, to cause the Trustee, by written direction to the Trustee, to distribute some or all of the principal and/or undistributed income of the Trust either outright to the Beneficiary free of the trust or to another trust established for the primary benefit of the Beneficiary and/or her descendants. The Trust Consultant's notice of distribution to the Trustee shall specify what principal or undistributed income is to be distributed to the Beneficiary.

In October 2015, respondent sent a letter to appellant, requesting an accounting of the trust. Appellant refused and filed a petition with the probate commissioner, seeking clarification on the recent amendments to Nevada's Uniform Trustees' Accounting Act. The case was transferred to the district court, which exercised jurisdiction over the trust. Ultimately, the district court ruled in favor of respondent, ordering appellant to provide an accounting of the trust, as required by Nevada law. This appeal followed.

Appellant argues that the district court erred in requiring him to provide an accounting of the trust. In particular, appellant claims that an exception to this duty applies when the beneficiary's only interest in the trust estate is a discretionary interest. We agree.

Statutory construction is a matter for de novo review. *J.D. Constr., Inc. v. IBEX Int'l Grp., LLC*, 126 Nev. 366, 375, 240 P.3d 1033, 1039 (2010). If a statute is clear and unambiguous, this court gives full effect to the plain and ordinary meaning of its language. *Id.* at 375, 240 P.3d at 1039-40.

Nevada's Uniform Trustees' Accounting Act governs the obligations of a trustee with regard to accountings. Under the Act, certain beneficiaries may request an accounting, which must conform to specific statutory requirements. *See* NRS 165.141; NRS 165.135. Pursuant to NRS 165.1207(1), "the trustee of a nontestamentary trust shall satisfy the duty to account for the nontestamentary trust estate by delivery of an account which conforms with the requirements of NRS 165.135." Further, "the trustee shall deliver an account, upon demand pursuant to NRS 165.141, to *each current beneficiary*, and to *each remainder beneficiary* of the trust." NRS 165.1207(1)(a) (emphases added). Therefore, both current and remainder beneficiaries are entitled to an accounting by the trustee of a nontestamentary trust. Notwithstanding these provisions, several exceptions to the Act exist. In particular, "[a] trustee is not required to provide an account to a beneficiary of an irrevocable trust while that beneficiary's only interest in the trust estate is a discretionary interest, as described in NRS 163.4185." NRS 165.1207(1)(b)(5). NRS 163.4185(1)(c) states that an interest is discretionary "if the trustee has discretion to determine whether a distribution should be made, when a distribution should be made and the amount of distribution."

Here, the beneficiary's present interest is a discretionary interest pursuant to NRS 163.4185(1)(c). The present interest provision

SUPREME COURT
OF
NEVADA

(O) 1947A

3

states that the trustee may provide parts of the income and principal to the beneficiary at his discretion.

The beneficiary's future remainder interest, however, is not as straightforward. At first glance, the future remainder interest appears to be a support interest that contains mandatory language because the trustee is required to distribute principal and undistributed income based on the beneficiary attaining certain ages. *See* NRS 163.4185(1)(b) (a support interest requires the trustee "to make distributions to the beneficiary pursuant to an ascertainable standard"); NRS 163.4185(1)(a) (an interest is mandatory "if the trustee has no discretion to determine whether a distribution should be made, when a distribution should be made or the amount of the distribution"). However, the mandatory language is qualified by discretionary language because the trust consultant, at any time, can direct the trustee to make a distribution of principal and undistributed income to the beneficiary and determine the amount to be distributed. NRS 163.4185(3) provides, "[i]f a trust provides for a support interest that also includes mandatory language but the mandatory language is qualified by discretionary language, the support interest must be classified and separated as a discretionary interest." Thus, pursuant to NRS 163.4185(3), the beneficiary's future remainder interest must be classified as a discretionary interest.

Consequently, the beneficiary's only interest in the trust estate is discretionary, and therefore, we conclude that appellant is not required to provide respondent an accounting of the trust pursuant to NRS 165.1207(1)(b)(5). Based on the foregoing, we

Supreme Court
OF
Nevada

(O) 1947A

4

ORDER the judgment of the district court REVERSED.

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Gloria Sturman, District Judge
Carolyn Worrell, Settlement Judge
Smith & Shapiro, LLC
Goodsell & Olsen
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A