# IN THE SUPREME COURT OF THE STATE OF NEVADA

ADAM BERNARD JONES, A/K/A
PACMAN JONES,
Appellant,
vs.
THOMAS URBANSKI; AND
KATHLEEN URBANSKI,
INDIVIDUALLY, AND AS HUSBAND
AND WIFE,
Respondents.

No. 78089

**FILED**

OCT 2 3 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

ADAM BERNARD JONES, A/K/A
PACMAN JONES,
Appellant,
vs.
THOMAS URBANSKI; AND
KATHLEEN URBANSKI,
INDIVIDUALLY, AND AS HUSBAND
AND WIFE,
Respondents.

No. 78094

## *ORDER OF AFFIRMANCE*

These are consolidated appeals from a district court order denying a motion to vacate a renewal of judgment. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

In 2012, respondents Thomas and Kathleen Urbanski obtained a $12,059,865.69 judgment against appellant Adam Jones. Jones did not fully satisfy the judgment, resulting in the Urbanskis pursuing various collection actions against him. Before the judgment expired, the Urbanskis filed the affidavit required to renew it pursuant to NRS 17.214. In their renewal papers, the Urbanskis certified that they served Jones with the affidavit of renewal at an address in Union City, Georgia, which was listed as Jones's address in a garnishment collection action.

20-38919

Jones moved to vacate the Urbanskis' renewed judgment. In support, Jones declared that he never lived at the Union City address, and that at the time the Urbanskis served their affidavit of renewal, he lived with Tishana F. Holmes at an address Cincinnati, Ohio. The district court denied Jones's motion to vacate. It found that the Urbanskis properly served Jones at his last known address, in Union City. At least in part, the district court made this finding because the Union City address appeared on the public docket of the related garnishment collection action. After additional motion practice, Jones timely appealed.

Central to this appeal is whether the Urbanskis complied with NRS 17.214(3)'s requirement to serve the judgment on Jones, by certified mail, at his "last known address." While the meaning of a statutory term necessarily involves statutory interpretation, which this court reviews de novo, *Leven v. Frey*, 123 Nev. 399, 402, 168 P.3d 712, 714 (2007), whether a party was properly mailed notice is a question of fact, *Zugel v. Miller*, 99 Nev. 100, 101, 659 P.2d 296, 297 (1983). And "[t]his court will not disturb the district court's factual determinations if substantial evidence supports those determinations." *J.D. Constr., Inc. v. IBEX Int'l Grp., LLC*, 126 Nev. 366, 380, 240 P.3d 1033, 1043 (2010).

NRS 17.214(3) does not define the term "last known address." Generally, "last" is the "next before the present: most recent" and the "most up-to-date," and "known" means "generally recognized." *Last, Merriam-Webster Online Dictionary* (2020); *Known, Merriam-Webster Online Dictionary* (2020). An "address" is "[t]he place where mail or other communication is sent." *Address, Black's Law Dictionary* (11th ed. 2019). And "certified mail" means "[m]ail for which the sender *requests* proof of delivery in the form of a receipt signed by the addressee." *Mail, Black's Law*

*Dictionary* (11th ed. 2019) (emphasis added). Thus, according to its plain text, to comply with NRS 17.214(3), a judgment creditor must send the affidavit of renewal to (1) the most recent or most up-to-date, (2) generally recognized, (3) place where mail or other communication is sent, (4) with a request for proof of delivery in the form of a signed receipt by the addressee. Though "[l]ast known address" appears in the Nevada Revised Statutes countless times, we review it here only in the context of NRS 17.214; our review of this term as used in other statutes reveals important contextual differences.

Jones argues that a disputed address cannot qualify as a "last known address" under NRS 17.214(3). We disagree. That a judgment debtor disputes an address does not prevent the address from being "generally recognized." Jones also incorrectly argues that the statute requires proof of receipt. While such evidence would undoubtedly be relevant and persuasive, the statute does not require that a judgment creditor file such proof. *Leven*, 123 Nev. at 409, 168 P.3d at 719 (holding that courts cannot deviate from these statutory conditions, as "judgment renewal proceedings are purely statutory in nature").

Though not un-contradicted, substantial evidence supports the district court's factual finding that Jones's "last known address" was in Union City. The docket in the parties' related collection matter listed the Union City address as Jones's address in the party information tab. This docket remained active until a month-and-a-half before the Urbanskis mailed the renewal affidavit to the Union City address, making it a "recent" address at that time. Additionally, this collection matter had been active for over five years, suggesting that the Union City address was a "generally

recognized address," particularly because the Urbanskis appear to have only had success collecting on the judgment in this related matter.

In addition, substantial evidence supports the district court's rejection of Jones's argument that the Cincinnati address was, in fact, his "last known address." Around the time of the filing of the renewal affidavit, Jones's alleged significant other, Holmes, argued, when the Urbanskis sought to compel her compliance with a subpoena to discover Jones's assets, that she was not married to Jones and had no knowledge of his assets; and she asserted that she owned the Cincinnati address by herself. Such an assertion supports that Jones did not live at the Cincinnati address. Moreover, about two months *after* the Urbanskis mailed the renewal affidavit, Jones told a process server that he kept or maintained his property in Georgia, not Cincinnati. And, the Urbanskis subsequently attempted to serve Jones in Cincinnati, and were advised that Jones did not live there. While we acknowledge that some of these events came after the Urbanskis served the renewal affidavit at the Union City address, the district court could reasonably infer that Cincinnati was not a "generally recognized" address for Jones.

Jones points to some evidence that suggests he lived in Cincinnati, rather than Union City, contrary to the district court's factual findings—primarily, Jones declares that he never lived at the Union City address and that he received paperwork in Cincinnati. And, as noted above, the Urbanskis attempted to serve him in Cincinnati, after obtaining evidence that he may have lived there. But, even if the evidence is mixed, substantial evidence supports the district court's factual findings, and we defer to them. *J.D. Constr., Inc.*, 126 Nev. at 380, 240 P.3d at 1043.

Jones makes a variety of other arguments. Jones argues that the Urbanskis must strictly comply with NRS 17.214(3)'s "last known address" requirement. But under either level of scrutiny, whether substantial or strict compliance, the Urbanskis complied. And because we hold that the Urbanskis complied under either level of scrutiny, we do not reach whether actual notice cures non-compliance. Finally, even if the Urbanskis had the burden of proof as Jones argues, we are left convinced that they met it. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. Gloria Sturman, District Judge
Lansford W. Levitt, Settlement Judge
Howard & Howard Attorneys PLLC
Saltzman Mugan Dushoff
Kolesar & Leatham, Chtd.
Eighth District Court Clerk