# IN THE SUPREME COURT OF THE STATE OF NEVADA

JEFFREY P.,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF CLARK;
AND THE HONORABLE DAVID S.
GIBSON, JR., DISTRICT JUDGE,
Respondents,
and
STATE OF NEVADA DEPARTMENT OF
FAMILY SERVICES; LINDA S.; AND
S.S.-P.,
Real Parties in Interest.

No. 82363

FILED

SEP 1 7 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER GRANTING PETITION FOR A WRIT OF MANDAMUS*

This original petition for a writ of mandamus or prohibition challenges a district court order removing petitioner Jeffrey P. from the minor child's birth certificate in a protective custody action.[1] The child was born to Jeffrey P. and real party in interest Linda S. during their marriage. During their divorce proceedings, Jeffrey learned the child was not his biological child. In the divorce decree, the parties stipulated that the child was not Jeffrey's biological child, that there are no children who are the issue of the marriage, and Linda may obtain a new birth certificate for the child. Linda never amended the child's birth certificate and Jeffrey

---

[1]While Jeffrey sought a writ of prohibition in the alternative, a writ of mandamus is the more appropriate relief because the district court had jurisdiction to make a parentage determination.

Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21-26933

remained in the child's life in a parental role by providing financial support for the child and having summer visitation with the child after Jeffrey relocated out of the state.

When real party in interest, Department of Family Services (DFS), removed the child from Linda's care the first time, the child was placed with Jeffrey until the child could be returned to Linda's care. When DFS removed the child a second time, it did not give Jeffrey notice of the protective custody action or its motion to amend the child's birth certificate in accordance with the divorce decree. The district court granted the motion to amend the child's birth certificate to remove Jeffrey's name as the child's father. When Jeffrey learned of that order, he immediately filed a motion to set it aside and sought to have the child placed with him. The district court denied the motion to set aside the order but placed the child with Jeffrey as fictive kin.

Having considered the petition, answers, reply, and supporting documents, we conclude that writ relief is warranted because the district court should have held an evidentiary hearing before making a parentage determination when there was no current parentage information available and when the party who may oppose the parentage request was not provided notice of the action. *See* NRS 34.160 (providing that mandamus relief is available to compel the performance of an act that the law requires as a duty resulting from an office, trust or station, or to control an arbitrary or capricious exercise of discretion); *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (same); *see also St. Mary v. Damon*, 129 Nev. 647, 649, 309 P.3d 1027, 1029 (2013) (concluding that the district court erred by not holding an evidentiary hearing in a disputed parentage matter); *Mesi v. Mesi*, 136 Nev., Adv. Op. 89, 478 P.3d

366, 369 (2020) (explaining that due process requires an interested party be given an opportunity to be heard). While the divorce decree recognized that Jeffrey was not the child's biological father and there were no children as issue of the marriage, it did not conclude Jeffrey was not the child's father. Further, because the divorce decree did not order the birth certificate amended as required by NRS 126.161(2), the district court's order directing the amendment of the birth certificate in the protective custody matter was a parentage determination, which could not occur without notice to Jeffrey and an evidentiary hearing if the parentage request was reasonably opposed.

DFS, the party that filed the motion to amend the birth certificate, was aware of evidence that would indicate Jeffrey was the child's presumed or putative parent. *See* NRS 432B.470(2) (requiring notice of a protective custody action be sent to a parent or person responsible for the child's welfare). Jeffrey was still listed as the child's father on the birth certificate at the time of removal and the child was born during Jeffrey and Linda's marriage. *See* NRS 126.051(1)(a) (providing a man is presumed the father of a child born during the marriage). Additionally, since the divorce decree, Jeffrey had received the child into his home and held the child out as his own. *See* NRS 126.051(1)(d) (providing a man can be a child's putative parent by receiving the child into his home and openly holding the child out as his own). Thus, no amendment of the birth certificate could be ordered without first providing notice to Jeffrey. *See J.D. Constr., Inc. v. IBEX Int'l Grp., LLC*, 126 Nev. 366, 376, 240 P.3d 1033, 1040 (2010) (explaining that due process requires notice and an opportunity to be heard). Accordingly, the order amending the birth certificate was a parentage determination made without notice to the presumed or putative

(O) 1947A

parent and without adequate evidence. Because the district court thus erred in granting the motion to amend the birth certificate and in denying petitioner's motion to set aside that order, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate the order amending the birth certificate.[2]

_____, C.J.
Hardesty

_____, J.            _____, Sr.J.
Stiglich                                Gibbons

cc:     Hon. David S. Gibson, Jr., District Judge
        The Grigsby Law Group
        Price Beckstrom, PLLC
        Keels Law Group
        Attorney General/Carson City
        Clark County District Attorney/Juvenile Division
        Eighth District Court Clerk

_____

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.

SUPREME COURT
OF
NEVADA