## GERRY ZOBRIST, MARVIN KRATTER, and KENT ORAM, Appellants, v. SHERIFF, CARSON CITY, NEVADA, Respondent.

No. 12608

July 29, 1980                 614 P.2d 538

[Rehearing denied September 19, 1980]

*Kent R. Robison,* of Reno, *Robert A. Grayson,* of Carson City, *Devoe Heaton,* of Las Vegas, *Oscar B. Goodman,* of Las Vegas, and *Frank J. Cremen,* of Las Vegas, for Appellants.

*William Maddox,* Deputy District Attorney, Carson City, for Respondent.

## OPINION

By the Court, Thompson, J.:

Zobrist, Kratter and Oram filed with this court a petition for a writ of habeas corpus which we made returnable before the

First Judicial District Court. Such procedure is authorized by Constitution and statute. Nev. Const., art. 6, sec. 4; NRS 34.380(2).

It now is settled that factual determinations by a district court in a pretrial habeas proceeding commenced in that court arising out of a criminal charge and resulting in the denial of relief, are not the subject of appellate review. 1979 Nev. Stats., ch. 216; NRS 34.380; Gary v. Sheriff, 96 Nev. 78, 605 P.2d 212 (1980). The legislative preclusion of appellate review in such cases, which we approved and found constitutionally permissible in *Gary,* is asserted to be inapposite to this case since the petition for habeas relief was filed initially with this court rather than with the district court as in *Gary.* In our view this distinction is without substance when the petition for relief requires the resolution of questions of fact rather than questions of law.

In specifying the jurisdiction of the Supreme Court, the writers of our Constitution had in mind the distinction between questions of fact and questions of law, and the need to provide for the resolution of fact questions by a tribunal equipped to handle that task. Indeed, our appellate jurisdiction is confined to "questions of law alone in all criminal cases in which the offense charged is within the original jurisdiction of the district courts." Nev. Const., art. 6, sec. 4. And, with regard to our original jurisdiction to issue a writ of habeas corpus, it is provided that such writ may be made returnable before any district court in the state. Nev. Const., art. 6, sec. 4. This discretionary power is explicit recognition that this Court is not a fact finding tribunal, and allows that function to be performed by the court best able to do so. In contrast, we do entertain habeas petitions filed with the clerk of this Court presenting questions of law. Perhaps the most common example of this is the case where one is restrained of his liberty upon a charge based upon an unconstitutional ordinance or statute. In re Martin, 88 Nev. 666, 504 P.2d 14 (1972); In re Laiolo, 83 Nev. 186, 426 P.2d 726 (1967); Ex Parte Philipie, 82 Nev. 215, 414 P.2d 949 (1966). And, NRS 34.500 specifies other situations in which we may entertain the petition to resolve questions of law.

The case before us is a criminal case. Zobrist, Kratter and Oram are charged with the crimes of Bribery of a Legislative Member, and Conspiracy to Bribe a Legislative Member, respectively a felony and a gross misdemeanor. These are offenses within the original jurisdiction of the district court.

When they filed a petition for habeas relief with this Court, we exercised our constitutional discretion and ordered the writ returnable before the district court where evidence could be received, fact issues resolved, and a final decision made in the same manner as though the petition initially had been filed with that court. That court has the same measure of authority as this Court would have had we made the writ returnable before this Court. People v. Booker, 51 Cal. 317 (1876). Once the district judge enters judgment based upon his resolution of a factual controversy, the habeas proceeding is finally and definitely ended. Ex Parte Shoemaker, 144 P. 985 (Cal.App. 1914) on rehearing, citing Ex Parte Zany, 130 P. 710 (Cal. 1913).

The several reasons which prompted the legislature to preclude our review of factual determinations of a district court resulting in the denial of habeas relief, apply with equal force to habeas petitions originally filed with this Court and made returnable before a district court to resolve such factual issues. We, therefore, dismiss this appeal.

Mowbray, C. J., and Gunderson, Manoukian, and Batjer, JJ., concur.