IN THE MATTER OF THE APPLICATION OF ARNOLD EASTHAM
FOR A WRIT OF HABEAS CORPUS.

No. 12690

October 24, 1980                           617 P.2d 1304

*John W. Hunt,* Las Vegas, for Petitioner.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *Gregory C. Diamond,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Petitioner, Arnold Eastham, was charged with two counts of lewdness with a minor (NRS 201.230) and one count of sexual assault. (NRS 200.366). On the day of the scheduled preliminary examination, the magistrate continued the proceedings because the prosecution had obtained a Vietnamese interpreter to assist in the examination of the alleged victims, but actually needed a Chinese interpreter. The purpose of the continuance was to allow the prosecution time to obtain the correct interpreter.

Eastham thereafter filed a petition for a writ of habeas corpus in the district court contending the charges should be dismissed because the preliminary examination was improperly continued. The district court denied the petition and Eastham subsequently filed an original habeas petition with this court

wherein he asserts the same grounds for relief he raised in the district court. This court ordered the Clark County District Attorney to file a response to the petition and stayed further proceedings in the justice's court.

Shortly after the response was ordered, the Clark County Grand Jury returned an indictment charging Eastham with two counts of lewdness with a minor. Since these charges arose from the same conduct involved in the case in the justice's court, the district attorney filed a motion to dismiss Eastham's original habeas petition as moot. Eastham opposed the motion and sought leave to amend his habeas petition to challenge the propriety of the indictment. The district attorney's motion to dismiss was denied and Eastham was permitted to amend his petition.

1. This court will not review a final decision of a district court denying a pretrial petition for a writ of habeas corpus which is based upon the resolution of questions of fact, even though the habeas petition was originally filed in this court and made returnable to the district court. Zobrist v. Sheriff, 96 Nev. 625, 614 P.2d 538 (1980).

The posture of this case differs from *Zobrist* only in that here the habeas petition was initially filed in the district court, where it was denied. An original habeas petition was then filed in this court raising the same issue which was considered below. The question considered was whether the prosecution had an acceptable explanation for its failure to obtain the correct language interpreter to assist at the preliminary examination, thus justifying the granting of the continuance. *See, e.g.,* Salas v. Sheriff, 94 Nev. 490, 581 P.2d 865 (1978). It is the prosecution's contention that "[p]rior to the [preliminary] hearing the State had been affirmatively led to believe that the witnesses involved were Vietnamese and having lived in Viet Nam, spoke that language." Thus, a Vietnamese interpreter was obtained.

In determining that the misunderstanding concerning the proper interpreter constituted good cause for the continuance, the district court resolved factual issues, a task which it is equipped to handle. *See* Zobrist v. Sheriff, *supra.* Eastham, by way of original habeas, now asks this court to reach a different conclusion. In our view the holding in *Zobrist* precludes our consideration of Eastham's petition. We perceive no real distinction between this case and the situation in *Zobrist.* In both cases the district court resolved factual issues and made a final decision. To consider Eastham's original habeas petition under these circumstances, where a question of law is not involved,

would frustrate the legislative intent, as stated in *Zobrist,* to remove our appellate jurisdiction in pretrial habeas matters. An original habeas petition should not be permitted to serve this purpose. *Cf.* Kussman v. District Court, 96 Nev. 544, 612 P.2d 679 (1980).

2. In his amended petition Eastham argues that the prosecution obtained the grand jury indictment against him in order to prevent this court from considering his habeas petition. However, in light of our disposition of this case, we need not reach the merits of the amended petition.

The petition is dismissed and the order staying the proceedings in the justice's court is vacated.