## KEVIN ZUGEL, by LAWRENCE ZUGEL, Guardian Ad Litem, Appellant, v. GEORGE PARKER MILLER and ARLENE MILLER, Respondents.

No. 14456

February 28, 1983                                    659 P.2d 296

*Burns & Pritchard,* Las Vegas, for Appellant.

*Dickerson, Miles, Pico & Mitchell,* Las Vegas, for Respondents.

## OPINION

*Per Curium:*

This is an appeal from a grant of summary judgment for respondents. Respondents have moved to dismiss the appeal on the ground that the notice of appeal was not filed within thirty days of the date of service of written notice of entry of the district court's judgment as required by NRAP 4(a).

The judgment appealed from was entered on July 30, 1982. Written notice of entry of judgment was filed on August 9, 1982. A certificate of mailing appears upon this notice and states that the notice was mailed, postage prepaid, to the address of counsel for appellant. The certificate also states that the notice was mailed by an employee of counsel for respondents. The notice of appeal was filed on October 19, 1982, well

after the thirty-three days allowed by NRAP 4(a) and NRAP 26(c). Based on these facts respondents contend the appeal should be dismissed.

In opposition to the motion to dismiss, appellant's counsel avers that he first received the notice of entry during the week of October 11, 1982. The notice of appeal was filed within thirty days thereafter.

■■■ ■

Filing a timely notice of appeal is jurisdictional and an untimely appeal may not be considered. Morrell v. Edwards, 98 Nev. 91, 640 P.2d 1322 (1982); see Culinary Workers v. Haugen, 76 Nev. 424, 357 P.2d 113 (1960). Under NRAP 4(a), the time for filing the notice of appeal begins to run upon service of written notice of entry of judgment. Service by mail is complete upon mailing. NRAP 25(c); NRCP 5(b).

In this case, where counsel for appellant avers that he did not receive the notice of entry of judgment, there is a legitimate question of fact as to whether the notice was ever mailed to counsel prior to the week of October 11, 1982.

This court is not a fact-finding tribunal; that function is best performed by the district court. Cf. Zobrist v. Sheriff, 96 Nev. 625, 614 P.2d 538 (1980) (original habeas returned to district court for factual findings.) Resolution of the factual issue in this case, i.e., whether notice of entry of order was mailed on August 9, 1982, may involve a balancing of the weight and credibility of witnesses. We decline to undertake such a fact-finding activity.

■■■ ■

Accordingly, we hereby remand this matter to the district court for proceedings and findings relating to the factual question raised in the motion to dismiss.[1] The district court's findings shall thereafter be certified and transmitted to the clerk of this court, at which time the motion to dismiss shall stand submitted. The briefing schedule contained in NRAP 31(a) shall commence upon this court's determination of the motion to dismiss.

It is so ORDERED.

[1]We note that a respondent is in a much better position to avoid questions as to when the notice was mailed, because a respondent can personally serve the notice (and obtain an acknowledgement of service), or the respondent can use registered or certified mail (with return receipt requested). Therefore, the repondents in this case shall have the burden of proof on the question presented to the district court on remand.