# IN THE SUPREME COURT OF THE STATE OF NEVADA

CLARK COUNTY, SELF-INSURED
EMPLOYER,
Appellant,
vs.
WENDY FENNER,
Respondent.

No. 72154

FILED

MAY 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER VACATING AND REMANDING

This is an appeal from a district court order dismissing a petition for judicial review in a workers' compensation matter. Eighth Judicial District Court, Clark County; James Crockett, Judge.

On January 27, 2016, appellant Clark County filed a petition for judicial review challenging an appeals officer's decision that reversed its denial of respondent Wendy Fenner's workers' compensation claim. At the time of filing, appellant served its petition for judicial review on respondent and the appeals officer who rendered the decision. On August 2, 2016, appellant, "out of an abundance of caution," served its petition on the Attorney General and the administrative head of the Department of Administration, Patrick Cates.[1] Thereafter, respondent moved to dismiss appellant's petition on the ground that it did not comply with NRS 233B.130(2)(c). Respondent argued that appellant failed to serve the Attorney General or the person serving in the office of the administrative head of the named agency as set forth under NRS 233B.130(2)(c)(1)-(2).

---

[1]NRS 233B.130(2)(c) provides, in relevant part, that petitions for judicial review must be served upon "[t]he Attorney General," and "[t]he person serving in the office of administrative head of the named agency."

SUPREME COURT
OF
NEVADA

(O) 1947A

18-18506

Respondent further argued that because a petition for judicial review must be filed within 30 days of the administrative decision under NRS 233B.130(2)(d), appellant could not repair the alleged defect. Appellant argued that it complied with NRS 233B.130(2)(c)'s requirements because it had served the Attorney General and Mr. Cates, and therefore, dismissal was not warranted. Alternatively, appellant requested that the district court exercise its discretion under NRS 233B.130(5) and extend the time for service through the date the Attorney General and Mr. Cates were specifically served.[2] The district court granted respondent's motion and dismissed appellant's petition with prejudice.

Appellant now appeals, arguing that the district court erred in (1) finding that service under NRS 233B.130(2)(c) is mandatory and jurisdictional, and that such service must be effected within 45 days under NRS 233B.130(5); and (2) dismissing the matter when good cause existed to allow the matter to proceed on the merits.

This court recently held that service under NRS 233B.130(2)(c) "is mandatory and jurisdictional, and must be effected within the statutorily prescribed 45-day period." *Heat & Frost Insulators & Allied Workers Local 16 v. Labor Comm'r of Nev.*, 134 Nev., Adv. Op. 1, 408 P.3d 156, 158 (2018). We also recognized that the statutory time period can be extended when good cause is shown under NRS 233B.130(5), and held that "NRS 233B.130(5) does not preclude a petitioner from moving for an extension of time after the 45-day period has passed." *Id.* We therefore

---

[2]NRS 233B.130(5) provides, in relevant part, that a petition for judicial review "must be served upon the agency and every party within 45 days after the filing of the petition, unless, upon a showing of good cause, the district court extends the time for such service."

reject appellant's arguments that the district court erroneously concluded that service under NRS 233B.130(2)(c) is mandatory and jurisdictional, and that such service must occur within 45 days.

As to appellant's argument that good cause exists to extend the time for service, we note that the district court did not rule on this issue, despite appellant expressly requesting that the court do so. Consistent with this court's decision in *Heat & Frost Insulators and Allied Workers Local 16*, we conclude that the district court had jurisdiction to rule on appellant's request for an extension of time for service under NRS 233B.130(5). "The determination of good cause is within the district court's discretion." *Scrimer v. Eighth Judicial Dist. Court*, 116 Nev. 507, 513, 998 P.2d 1190, 1193-94 (2000). Accordingly, because "[t]his court is not a fact-finding tribunal," *Zugel v. Miller*, 99 Nev. 100, 101, 659 P.2d 296, 297 (1983), we

VACATE the district court order of dismissal and REMAND this matter to the district court to consider whether good cause existed to extend the time for service.

_____Cherry_____, J.
Cherry

_____Parrao_____, J.
Parraguirre

_____Stiglich_____, J.
Stiglich

cc: Hon. James Crockett, District Judge
Janet Trost, Settlement Judge
Hooks Meng Schann & Clement
Nevada Attorney for Injured Workers/Carson City
Nevada Attorney for Injured Workers/Las Vegas
Eighth District Court Clerk