# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| 9101 ALTA LLC,<br>Appellant,<br>vs.<br>PENNYMAC MORTGAGE<br>INVESTMENT TRUST HOLDINGS I,<br>LLC; AND PENNYMAC HOLDINGS,<br>LLC,<br>Respondents. | No. 80983<br><br>**FILED**<br><br>MAY 14 2021<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY ___S. Young___<br>DEPUTY CLERK |
| PENNYMAC MORTGAGE<br>INVESTMENT TRUST HOLDINGS I,<br>LLC; AND PENNYMAC HOLDINGS,<br>LLC,<br>Appellants/Cross-Respondents,<br>vs.<br>9101 ALTA LLC,<br>Respondent/Cross-Appellant. | No. 81112 |

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting summary judgment in a real property action (Docket No. 80983) consolidated with an appeal and cross-appeal from a postjudgment award of attorney fees (Docket No. 81112). Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.[1]

The district court granted summary judgment for PennyMac Investment Trust Holdings I, LLC, and PennyMac Holdings, LLC (collectively, PennyMac). It found that even if PennyMac had received 9101 Alta LLC's 2017 letter, Alta did not produce evidence that PennyMac "willfully fail[ed]" to respond to that letter as that term is defined in NRS

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

21-13958

107.300. We conclude that this finding was erroneous and that Alta produced prima facie evidence that PennyMac willfully failed to comply with NRS 107.200-.210's payoff-statement provisions.[2] *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing de novo a district court's order granting summary judgment); *see also Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 602, 172 P.3d 131, 134 (2007) ("If the moving party will bear the burden of persuasion, that party must present evidence that would entitle it to a judgment as a matter of law in the absence of contrary evidence."). In particular, Alta produced deposition testimony from PennyMac's NRCP 30(b)(6) witness that PennyMac had an institutional policy of not responding to payoff-statement requests from non-borrowers despite Alta being statutorily entitled to such a payoff statement.[3] Although PennyMac's counsel suggests that PennyMac's policy was based on its desire to comply with the federal Gramm-Leach-Bliley Act, PennyMac does not point to any evidence in the record that compliance with this Act was the basis for PennyMac's policy. *Cf. Nev. Ass'n Servs., Inc. v. Eighth Judicial Dist. Court*, 130 Nev. 949, 957, 338 P.3d 1250, 1255 (2014) ("Arguments of counsel are not evidence and do not establish the facts of the case." (internal quotation marks and alteration omitted)).

---

[2]When the district court asked PennyMac at the November 26, 2019, hearing whether the willful-failure issue was a legal question for the district court or a factual question for the jury, PennyMac indicated it was a factual question. Accordingly, for purposes of this appeal, we treat it as such.

[3]NRS 107.220 entitles a "grantor" of a deed of trust or a grantor's "successor in interest" to an NRS 107.200-.210 payoff statement. PennyMac does not dispute that Alta is a successor in interest to the original homeowner, and the district court made no contrary determination in this respect.

Accordingly, the district court's stated basis for granting summary judgment was erroneous. Although PennyMac argues that summary judgment can be affirmed based on its non-receipt of the 2017 letter, the district court did not reach that fact-intensive issue, and we decline to address it in the first instance on appeal. *See 9352 Cranesbill Tr. v. Wells Fargo Bank, N.A.*, 136 Nev. 76, 82, 459 P.3d 227, 232 (2020) (declining to address an issue that the district court did not resolve); *see also Zugel v. Miller*, 99 Nev. 100, 101, 659 P.2d 296, 297 (1983) ("This court is not a fact-finding tribunal."). Finally, in light of our reversal of the district court's order granting summary judgment in Docket No. 80983, we necessarily reverse the district court's award of attorney fees in Docket No. 81112. Consistent with the foregoing, we

ORDER the judgments of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:  Hon. Gloria Sturman, District Judge
     Persi J. Mishel, Settlement Judge
     The Law Office of Mike Beede, PLLC
     Law Offices of William R. Killip, LLC
     Akerman LLP/Las Vegas
     Eighth District Court Clerk