138 Nev., Advance Opinion 21

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| TRP FUND VI, LLC, A DELAWARE LIMITED LIABILITY COMPANY, Appellant, vs. PHH MORTGAGE CORPORATION, A FOREIGN CORPORATION; AND FEDERAL NATIONAL MORTGAGE ASSOCIATION, A NATIONAL BANKING ENTITY, Respondents. | No. 84407 |



FILED

MAR 31 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Emergency motion for stay and/or injunction pending appeal.

*Motion denied.*

The Wright Law Group and John Henry Wright, Las Vegas,
for Appellant.

Wright, Finlay & Zak, LLP, and Christina V. Miller, Las Vegas,
for Respondents.

BEFORE THE SUPREME COURT, SILVER, CADISH, and PICKERING, JJ.

## OPINION

PER CURIAM:

When filing emergency motions and motions for stay, moving parties must meet certain requirements designed to provide prompt notice, quick access to the information needed to resolve the motion, and proof that

they have first sought relief in the district court or that doing so is impracticable. Failure to comply with these requirements may result in summary denial of the motion.

*FACTS*

In the underlying quiet title and declaratory relief action, appellant TRP Fund VI, LLC, sought a preliminary injunction to enjoin respondents PHH Mortgage Corporation and Federal National Mortgage Association from foreclosing under the first position deed of trust on its property. On March 10, 2022, the district court entered an order denying the preliminary injunction, and TRP Fund appealed.

TRP Fund filed in this court an emergency motion for stay and/or injunction on March 21, seeking relief before a foreclosure sale scheduled for April 1, and paid the filing fee the next day. *See* NRAP 3(e) (requiring the payment of a filing fee); NRAP 45(f) ("The clerk shall not be required to file any paper or record in the clerk's office or docket any proceeding until the fee required by law and these Rules has been paid."). An NRAP 27(e) certificate, which must accompany emergency motions, was not attached to the stay motion but was attached to a simultaneously filed motion to exceed the page limit. In the stay motion, TRP Fund asserted that it was "clearly impracticable" to seek a stay pending appeal in the district court as set forth in NRAP 8(a) because the district court had just refused to grant it a preliminary injunction seeking similar relief, such that it "would be a waste of time and resources" to ask that court for a stay.

Respondents timely filed a response to the stay motion,[1] arguing that the stay motion should be summarily denied because TRP

---

[1]TRP Fund's and respondents' motions for leave to file a stay motion and an opposition thereto that exceed the NRAP 27(d)(2) page limits are

SUPREME COURT
OF
NEVADA



(O) 1947A

Fund failed to include the NRAP 27(e) certificate with the emergency motion and failed to first seek stay relief in the district court or to demonstrate that doing so was impracticable. In the response, respondents contend that TRP Fund did not attempt to comply with the NRAP 27(e) requirement to notify them of its intent to seek emergency relief before it filed the stay motion.

## DISCUSSION

Due to their urgent nature, emergency motions use considerable court and party resources. When relief is needed within 14 days to avoid irreparable harm, NRAP 27 requires the movant to take certain enumerated steps to ensure both that the parties and the court are notified of the emergency as soon as possible and that the information needed to process the motion is readily available. To those ends, NRAP 27(e)(1) requires the movant, *before filing the motion*, to "make every practicable effort to notify the clerk of the Supreme Court, opposing counsel, and any opposing parties proceeding without counsel and to serve the motion at the earliest possible time." The motion must be accompanied by a certificate providing the contact information for the parties, the facts demonstrating both the existence and the nature of the asserted emergency, and when and how the other parties were notified of the emergency and served with the motion. NRAP 27(e)(3). Further, the movant must explain in the motion whether relief was available and sought in the district court and, if not sought, why the motion should not be denied. NRAP 27(e)(4). Finally, when the movant is seeking a stay or injunction, the movant must also comply with NRAP 8(a)(1), which states that "[a] party must ordinarily

---

granted. The motion and opposition were filed on March 21 and March 28, respectively.

SUPREME COURT
OF
NEVADA

(O) 1947A

3

move first [for such relief] in the district court." Any movant that seeks a stay from this court without first applying in the district court must demonstrate that first seeking relief in the district court would be "impracticable." NRAP 8(a)(2)(A)(i).

Here, TRP Fund's NRAP 27(e) certificate fails to meet the stated requirements. It was not attached to the emergency stay motion and, while certifying that the motion was made "at the earliest opportunity," TRP Fund does not further explain that statement or demonstrate that it attempted to notify respondents of the emergency before filing the motion.

More problematically, TRP Fund admittedly did not first seek relief in the district court and failed to demonstrate that doing so was impracticable. "Impracticable" requires the movant to show that it was "not capable" of first seeking relief in the district court or that such an act could not be done. *Webster's II New College Dictionary*, at 556 (1995). TRP Fund argues only that seeking a stay in the district court was unwarranted because the district court denied it a preliminary injunction, not that it was unable to file the motion or that the court was incapable of granting the requested relief. While considerations in determining whether to grant a preliminary injunction overlap with those in determining whether to grant a stay or injunction pending appeal, they are not the same. *Compare Excellence Cmty. Mgmt., LLC v. Gilmore*, 131 Nev. 347, 350-51, 351 P.3d 720, 722 (2015) (noting that a preliminary injunction may issue when the moving party has demonstrated a reasonable likelihood of success on the merits of its claims and irreparable harm), *with* NRCP 62(c) (providing that when an appeal from preliminary injunction is pending, the district court may "grant an injunction on terms for bond or other terms that secure the opposing party's rights"), *and* NRAP 8(c) (listing four factors for courts to

consider when determining a motion for stay or injunction pending appeal). Although both analyses look to the likelihood of success on the merits, in determining whether to grant a stay or injunction pending appeal, the district court may also take into consideration the purposes of the requested stay or injunction, the novelty or unsettledness of a legal issue, and any other issues of security and harm.

Here, the district court denied a preliminary injunction based on its review of the merits but did not delve into other considerations that may weigh in favor of a stay or injunction pending appeal. As we have acknowledged before, this court's strong policy favoring an initial stay decision from the district court is based on that court's vastly greater familiarity with the facts and circumstances of the case and better position to resolve such factual issues, including those of duration and bond necessity and amount.[2] *Nelson v. Heer*, 121 Nev. 832, 836, 122 P.3d 1252, 1254 (2005), *as modified* (Jan. 25. 2006); *see generally In re Grand Jury Proc. U.S.*, 626 F.2d 1051, 1059 (1st Cir. 1980) (recognizing that the federal rule analogous to NRAP 8 "embodies a strong policy that a request for a stay or injunction pending appeal be directed in the first instance to the district court, which is familiar with the controversy and better able to assess potential prejudice to a party from the grant or denial of interim relief"), *receded from on other grounds by In re Kave*, 760 F.2d 343, 356 (1st Cir. 1985). Thus, unless movants can demonstrate that first asking the district court for relief is truly impracticable, they are required to seek stay and injunctive relief pending appeal in the district court even when that

---

[2]We note, for example, that respondents argue that the lis pendens TRP Fund has recorded against the property is sufficient to protect its interest.

court has denied them a preliminary injunction. TRP Fund's failure to do so here bars relief, and we deny the emergency motion for stay or injunction.

_____, J.
Silver

_____, J.
Cadish

_____, J.
Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A

6