# IN THE SUPREME COURT OF THE STATE OF NEVADA

STEVEN J. BANK, EX REL. EFREN
GONZALEZ-RIVERA AND OTHERS
SIMILARLY SITUATED,
Petitioners,
vs.
MAYOR CAROLYN GOODMAN; AND
CITY OF LAS VEGAS CITY COUNCIL,
Respondents,
and
DESTINY HOMES, LLC,
Real Party in Interest.

No. 84574

FILED

MAY 19 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER DENYING PETITION FOR WRIT OF MANDAMUS OR PROHIBITION*

This emergency, pro se, original petition for a writ of mandamus or prohibition seeks to preclude the Las Vegas City Council from considering and/or approving a rezoning request.[1]

Having considered the petition and supporting documents, we conclude that petitioner has not demonstrated that our extraordinary and discretionary intervention is warranted. *See Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004); *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 679, 818 P.2d 849, 851, 853 (1991). As we

---

[1]Although petitioner's affidavit was not notarized, it appears that he otherwise meets the NRAP 24 requirements, and we therefore grant his motion to proceed in forma pauperis and waive the filing fee. NRAP 21(e).

We decline to treat this petition as an emergency, however, as petitioner's NRAP 27(e) certificate fails to explain why relief is needed by the requested relief date. *See TRP Fund VI, LLC v. PHH Mortg. Corp.*, 138 Nev., Adv. Op. 21, 506 P.3d 1056 (2022).

SUPREME COURT
OF
NEVADA

(O) 1947A

22-15911

noted with respect to petitioner's prior petition raising the same issues, *see* Docket No. 84497, challenges to administrative zoning decisions may be made in the district court. *See Kay v. Nunez*, 122 Nev. 1100, 1105, 146 P.3d 801, 805 (2006); *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 604, 637 P.2d 534, 536 (1981). Thus, once the City Council has rendered a final decision, petitioner may challenge that decision, including the issues he raises here, in the district court, and the availability of that legal remedy precludes writ relief. *See Pan*, 120 Nev. at 224, 88 P.3d at 841 (explaining that writ relief is available only when there is no plain, adequate, and speedy legal remedy and noting that an appeal is generally considered a legal remedy precluding writ relief). Further, non-attorneys may not represent another person's interests before this court, *Guerin v. Guerin*, 116 Nev. 210, 214, 993 P.2d 1256, 1258 (2000), and the use of "ex rel." to show that petitioner is bringing suit on behalf of Efren Gonzalez-Rivera and others is improper here. *See Ex rel.*, *Black's Law Dictionary* (11th ed. 2019) ("A suit ex rel. is typically brought by the government upon the application of a private party (called a relator) who is interested in the matter.").

Accordingly, we

ORDER the petition DENIED.

_____, C.J.
Parraguirre

_____, J.                    _____, J.
Hardesty                                        Stiglich

cc: Steven J. Bank
Las Vegas City Attorney
Kaempfer Crowell/Las Vegas