IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF: THE LENK
FAMILY TRUST.

No. 85457

ROBERT R. PILKINGTON; AND
DENISE L. PILKINGTON,
Appellants,
vs.
THE LENK FAMILY TRUST; HUNTER
LIGGETT; JILL RENE STYNDA;
JANET E. LENK COHEN; CARIN
LENK SLOAN; KRISTIN NOEL LENK
PFEIFER; AND GINGER STUMNE,
NYE COUNTY PUBLIC
ADMINISTRATOR,
Respondents.

FILED

NOV 04 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

*ORDER DISMISSING APPEAL*

This is a pro se appeal from district court orders in a probate case dated August 27, 2021;[1] September 27, 2021; and August 2, 2022. Fifth Judicial District Court, Nye County; Kimberly A. Wanker, Judge.

The notice of appeal was filed in the district court on September 30, 2022. Appellants thereafter filed an emergency motion for stay in this court, and respondents opposed the stay motion and countermoved to dismiss the appeal for lack of jurisdiction. Respondents contend, among other things, that the notice of appeal was untimely filed more than 30 days

---

[1]No order was entered on August 27, 2021, but the district court clerk's case appeal statement assumes and appellants' docketing statement confirms that the notice of appeal contains a typo, such that the appealed order is actually dated August 26, 2021.

SUPREME COURT
OF
NEVADA

(O) 1947A

22-34693

from service of notice of entry of each appealed order.[2] Appellants have filed a reply/opposition to the countermotion, and respondents have filed a reply in support of their countermotion.

Appeals from orders entered in probate and trust cases are generally governed by NRS 155.190. *See also* NRS 164.005. That statute allows for immediate appeal, within 30 days from service of notice of entry, from orders instructing personal representatives and trustees and from orders that grant an order for conveyance directing that persons in possession of estate property transfer or deliver it to those entitled thereto. NRS 155.190(1)(h), (p); *see also* NRS 164.033 (governing conveyance orders in trust cases and allowing an appeal therefrom within 30 days of notice of entry). Failure to timely appeal under NRS 155.190 precludes any challenge to an order listed therein in an appeal from a later-entered judgment. *In re Estate of Herrmann*, 100 Nev. 1, 21, 677 P.2d 594, 607 (1984) ("[T]his court has specifically held that unless appeal is taken within 30 days, an order of the kinds mentioned in NRS 155.190 is not thereafter subject to attack.").

Here, the August 2021 order appears to have been appealable under NRS 155.190(1)(h) and (p) because it directed the public

---

[2]Respondents also contend that appellant Denise Pilkington lacks standing to challenge the 2021 orders, as she was not a party to the action when those orders were entered. In light of this order, we need not address this contention. Respondents further assert that appellants waived their right to appeal in the parties' settlement agreement below and are not aggrieved by the court's order confirming that settlement. From what is currently before this court, it appears that appellants contest, in part, the district court's failure to fully resolve their claims to, and to unfreeze, funds in two Wells Fargo bank accounts that the court had previously found contained at least some funds belonging to the estate, and while we do not now decide the matter, it is not clear that the settlement agreement precludes appellants from seeking relief as to this issue.

administrator/trustee to take various actions and also directed appellant Robert Pilkington to return estate and trust property. Notice of entry of the August 2021 order was served on August 26, 2021. The September 2021 order further directed Robert Pilkington to return estate and trust property and thus likewise appears appealable under NRS 155.190(1)(p); notice of the September 2021 order's entry was served on September 27, 2021. Finally, the August 2022 order, notice of entry of which was served on August 4, 2022, confirmed a settlement agreement among the parties acknowledging that certain trusts and a pour-over will were invalid, providing that appellants had no authority to transfer estate or trust assets, directing the court-appointed fiduciary to transfer such assets to the estate for further administration, and closing the case upon such transfer. That order appears to fall under NRS 155.190(1)(i); *see also* NRS 155.190(1)(b) (refusing to admit a will to probate). The notice of appeal was filed more than 30 days after notice of entry of each appealed order was served and is thus untimely. Moreover, to the extent that appellants assert jurisdiction over the orders pursuant to NRAP 3A(b)(1) (final judgment) and (5) (orders refusing to dissolve an attachment), the notice of appeal is likewise untimely. NRAP 4(a)(1) (providing that notices of appeal must be filed within 30 days from when notice of the appealed order's entry is served).

In their docketing statement, appellants suggest that the appeal is timely under NRAP 4(a)(6) (premature notice of appeal) because the district court denied an NRCP 60(b) motion on October 12, 2022.[3] But the NRCP 60(b) motion was filed on February 18, 2022, which was not within the timeframe in which tolling motions must be filed, and thus the motion could not toll the appeal period. NRAP 4(a)(4); *see* NRCP 50(b);

_____

[3]This court has not received any notice of appeal from the October 12 order.

SUPREME COURT
OF
NEVADA

(O) 1947A

3

NRCP 52(b); NRCP 59(b), (e). And in their response to the countermotion to dismiss, appellants assert that the appeal is timely because the appealed orders are void. However, allegations that an order is void does not waive the time period to appeal, which is jurisdictional. *Zugel v. Miller*, 99 Nev. 100, 101, 659 P.2d 296, 297 (1983) ("Filing a timely notice of appeal is jurisdictional and an untimely appeal may not be considered."); *State ex rel. Smith v. Sixth Judicial Dist. Court*, 63 Nev. 249, 256, 167 P.2d 648, 651 (1946) (distinguishing between direct attacks, like an appeal in an original action to have an order vacated or reversed, and collateral attacks through other proceedings), *overruled on other grounds by Poirier v. Bd. of Dental Exam'rs*, 81 Nev. 384, 404 P.2d 1 (1965). Accordingly, as we lack jurisdiction, we grant the countermotion and

ORDER this appeal DISMISSED.[4]

_____, J.
Hardesty

_____, J.                    _____, J.
Stiglich                                       Herndon

---

[4]In light of this order, appellants' emergency motion for stay is denied as moot. Nevertheless, we note that appellants' failure to first seek relief in the district court per NRAP 8(a)(1) would preclude relief. *See TRP Fund VI, LLC v. PHH Mortg. Corp.*, 138 Nev. Adv. Op. 21, 506 P.3d 1056, 1058 (2022) (explaining that a belief that the district court will not grant a stay motion does not excuse the requirement that such relief first be sought in the district court, as "'[i]mpracticable' requires the movant to show that it was 'not capable' of first seeking relief in the district court or that such an act could not be done").

(O) 1947A

cc: Hon. Kimberly A. Wanker, District Judge
Denise L. Pilkington
Robert R. Pilkington
Anthony L. Barney, Ltd.
Roland Law Firm
Law Office of Sean M. Tanko, Ltd.
Nye County Clerk